UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YISROEL KATZOFF on behalf of himself and           Docket: 1:12-cv-02124-KAM-RER
all other similarly situated consumers,
                            Plaintiffs,
     - against-
                                        **ANSWER AND**
                                        **AFFIRMATIVE DEFENSES**
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,
                            Defendant.
-------------------------------------------------------------X

       Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC.("ARM" or "Defendant"), by its attorneys, Winston & Winston, P.C., as and for its Answer and Affirmative Defenses alleges as follows:

## INTRODUCTION

1. Defendant denies the allegations contained in Paragraph 1 of the complaint.

## PARTIES

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the complaint.

5. Defendant admits that it has a place of business located in Trevose, Pennsylvania but denies the remaining allegations in Paragraph 5 of the complaint.

6. As to Paragraph 6, Defendant admits that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in many instances and for many purposes but denies information and belief as to whether it was acting as a "debt collector" with respect to Plaintiff. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Plaintiff denies same.

7. As to Paragraph 7, Defendant admits that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in many instances and for many purposes but denies information and belief as to whether it was acting as a "debt collector" with respect to Plaintiff. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Plaintiff denies same.

## JURISDICTION AND VENUE

8. Paragraph 8 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

9. Paragraph 8 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

## ALLEGATIONS PARTICULAR TO YISROEL KATZOFF

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the complaint since Plaintiff has not identified the details of the debt. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the complaint. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the complaint. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

13. Paragraph 13 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 but admits that a letter was mailed to Plaintiff on July 13, 2011. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

15. As to Paragraph 15, the letter speaks for itself and no response is required.

16. Paragraph 16 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

17. Paragraph 17 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

20. Paragraph 20 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

21. Defendant denies the allegations contained in Paragraph 21 of the complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the complaint.

34. Paragraph 34 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

35. Paragraph 35 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

36. Paragraph 36 contains conclusions of law which warrant no reply. To the extent Plaintiff is alleging Defendant violated any laws or is liable to Plaintiff, Defendant denies same.

## FIRST CAUSE OF ACTION

37. As to paragraph 37, Defendant repeats and realleges and incorporates by reference paragraphs 1-36 of the answer herein with the same force and effect as if each of them were reprinted.

38. As to paragraph 38 of the complaint, Defendant denies that any classes of Plaintiffs exist.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

40. Defendant denies the allegations contained in paragraph 40 of the complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the complaint:

    a. Defendant denies the allegations.

    b. Defendant denies the allegations.

    c. Defendant denies the allegations.

    d. Defendant denies the allegations.

    e. Defendant denies the allegations.

42. Defendant denies the allegations contained in Paragraph 42 of the complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the complaint.

44. Paragraph 44 contains conclusions of law which warrant no reply.

45. Defendant denies the allegations contained in Paragraph 45 of the complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the complaint.

47. Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause.

## TRIAL BY JURY

48. Defendant objects to Plaintiff's demand for a jury trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. If there was a violation, said violation was not intentional and resulted from a bona fide error, notwithstanding maintenance of procedures to avoid such errors.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50.  If there was non-compliance, the alleged non-compliance was not frequent, persistent or intentional.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Plaintiff has initiated this litigation with unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. The Plaintiff has failed to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Plaintiff has suffered no losses or damages as a result of Defendant's acts or omissions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. If the subject debt was paid in full, the debt no longer exists, and the FDCPA does not apply to this case.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred by the doctrines of estoppel, waiver and laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. Plaintiff has not properly alleged that the debt is a "consumer debt" and thus subject to the FDCPA. Plaintiff has provided a formulaic statement that a "personal debt was allegedly incurred by the Plaintiff" but Plaintiff has not pleaded any facts that indicate the debt is a "consumer debt," the purpose of the debt or the type of debt.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58.  Plaintiff has not properly alleged that Plaintiff is a "consumer" and thus subject to the FDCPA. Plaintiff has provided a formulaic statement that, "Plaintiff is a consumer as the term is defined by Section 1692(a)(3) of the FDCPA." Plaintiff has not pleaded any facts the support Plaintiffs allegation of same.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

59. If there is a violation, which Defendant denies, questions of fact which predominate and a class action may not be certified.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60. The Plaintiff lacks standing to bring this action because Plaintiff has not alleged any actual injury or damages. Plaintiff has suffered no "injury in fact" and this case does not present a "case or controversy" for this Court to adjudicate as required by Article III, section 2 of the United States Constitution.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61. If at any time Defendant contacted any third parties, the sole purpose was to acquire location information about the Plaintiff and any such communication complied with 15 U.S.C. 1692 b.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. There is no commonality among the alleged class of Plaintiffs. Issues of fact predominate with regard to both alleged classes. With respect to both alleged classes there exist issues of fact regarding the contents of any alleged telephone messages; whether any third parties actually heard any alleged telephone messages; whether the debtors consented to the third parties hearing any alleged telephone messages; and other issues of fact which predominate over any common issues.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff misstates the contents of the letter.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff misstates Section 6050P of the Internal Revenue Code, 26 U.S.C. § 6050P.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. Any alleged class representative must be the same as the remaining members of any alleged class. If the Plaintiff has no actual damages and the members of the alleged class have actual damages, Plaintiff is not the proper class representative.

## RESERVATION OF DEFENSES

66. Defendant reserves the right to plead additional defenses or otherwise amend its Answer pursuant to Fed.R.Civ.P. 8(c) and 12(b) and as may be revealed through discovery, including insufficiency of service of process.

WHEREFORE, Defendant prays for judgment dismissing Plaintiff's Complaint in its entirety, specifically together with the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper

Date: New York, New York
July 25, 2012

Yours truly,

/s/ Aleksander Powietrzynski
Aleksander Powietrzynski

To: Adam J. Fishbein, P.C.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
(516) 791-4400
(516) 791-4411 (fax)
Email: fishbeinadamj@gmail.com

WINSTON & WINSTON, PC.
Attorneys for Defendant
295 Madison Avenue, Suite 930
New York, NY 10017
Telephone: (212) 922-9482
Facsimile: (212) 922-9484